**LIBERTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**David GOMEZ, Appellee.**

**No. 568.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 30, 1970.

Keys, Russell, Watson & Seaman, Ben A. Donnell, Corpus Christi, for appellant.

Edwards & DeAnda, David L. Perry, Corpus Christi, for appellee.

OPINION

NYE, Justice.

This is a workmen's compensation case. Liberty Mutual Insurance Company, the

defendant, appealed from an award of the Industrial Accident Board to the Justice Court of San Patricio County, Texas. David Gomez, the plaintiff, appealed from an unfavorable judgment to the County Court of San Patricio County. The case was thereafter transferred by agreement of all parties to the County Court at Law No. 2 in Nueces County, Texas. The trial was to the court sitting without a jury. Judgment was entered in favor of the plaintiff Gomez in the amount of $200.00 (the jurisdictional limit under the circumstances). Following that judgment the defendant has brought this appeal to this Court. The basic facts are not in dispute. Many of the matters in controversy were disposed of by stipulation of the parties.

On August 10, 1968, the plaintiff was an employee of Reynolds Metals Company. He was employed as an operator of a motor-driven dolly. He carried materials throughout the Reynolds Metals plant. At approximately 9:30 p. m. on the date in question, Gomez was injured when he slipped as he was about to step onto his machine. He struck his teeth against the steering wheel knocking them loose. He went to a dentist who ultimately removed two of his teeth about a week and a half after the accident.

The plaintiff testified that he went to the dentist on six isolated and different occasions. He took off to see the dentist on a Monday following the accident and returned to the dentist's office on Thursday of the same week. His dental appointments thereafter were on Thursday. The testimony was that on the occasion of each visit to the dentist, Gomez would take off that particular Thursday and would then work on the Saturday following his dental appointment. The evidence was uncontradicted that plaintiff's teeth caused him difficulty in his work. He testified that before his teeth were removed that he would have to stop work to take medication and was not able to work as fast as he did before the injury. Eventually, the plaintiff's teeth were pulled and replaced, first with a

temporary bridge and later with a permanent bridge. The plaintiff was still having some difficulty in his work at the time of trial, 18 months after the injury. He testified that he had blisters on his jaw which bothered him to the point that he had difficulty remembering his route assignments. His foreman had to make up lists of his route for him, which he did not have to do, prior to the injury. Evidence showed that his average weekly wage prior to the accident was $138.46. That at the time of trial his earning was $127.40 per week.

The trial court found that the injury Gomez sustained on August 10, 1968, was accidental and was sustained in the course of his employment. The court further found that the plaintiff suffered partial incapacity following his injury; that the injury was and is a producing cause of such a partial incapacity; that the beginning date of such partial incapacity was August 10, 1968; and that such partial incapacity has been and will be permanent. The trial court further found that plaintiff's earning capacity after the injury was $128.00, establishing a $10.00 per week loss of wage earning capacity.

The defendant attacks the judgment on the basis that plaintiff's injury does not meet the requirements set forth in Article 8306, Section 6, V.A.T.S. The pertinent portion of this statute provides as follows:

"Sec. 6. No compensation shall be paid under this law for an injury which does not incapacitate the employee for a period of at least one week from earning full wages, but if incapacity extends beyond one week compensation shall begin to accrue on the eighth day after the injury. * * *"

The critical question raised by the appellant is whether or not plaintiff Gomez sustained "a compensable injury" within the meaning of the compensation act.

It is undisputed that Gomez did not work on six isolated days in the months of August, September, October and Novem-

ber. Although he missed a full day on each of the six occasions, he made up the work on the Saturday following the day he missed. Normally had he worked on Saturday following a full week's work, he would have been entitled to time and a half for such additional work. But he did not receive overtime for working on Saturday, only his regular time as a make-up for the day he missed.

The appellant argues that the plaintiff had no loss of time or money since he made up the time and received pay therefor. Appellant further argues that since Gomez had not lost a single full consecutive week and had not lost full wages, he did not qualify under the workmen's compensation statute (Article 8306, Section 6, supra). Appellant contends that the Legislature has decreed by the provisions of this statute, that unless the workman was incapacitated for a period of at least one week from earning full wages, he is not entitled to any compensation under the law for his injury. In this regard the appellant states that the work "incapacitated" in the first sentence of Article 8306, Section 6, is synonymous with the use of the word "injured" to the extent that it prevents a workman from working a full week and earning full wages.

The appellant's further position is that plaintiff Gomez was not entitled to tack isolated days together to satisfy the requirement of the statute even if he had missed seven such days. Since he had only missed six full days instead of seven days from work and these were not consecutive, he should not be permitted to recover compensation. In this regard appellant cites one case which it contends inferentially supports the appellant's contentions. Weicher v. Insurance Company of North America, 434 S.W.2d 104 (Tex.Sup.1968). The appellant quotes the following excerpt from the case:

"* * * Although there was no medical evidence that 'heat exhaustion' was the producing cause of Petitioner's claimed incapacity, we think an inference that her incapacity to work was the result of such 'heat exhaustion' can be drawn from her fifteen (15) day hospitalization under diagnosis of 'heat exhaustion.' *This period of time is clearly in excess of the eight (8) days incapacity requirement of Vernon's Ann.Civ.Stat., Article 8306, § 6.* This alone constitutes evidence of disability for at least a given compensable period." (Emphasis supplied).

The Weicher case is clearly distinguishable. In that case the worker claimed incapacity from heat exhaustion for a period in excess of two months. The Court of Civil Appeals held that among other things, there was no evidence that the worker's claimed incapacity was the result of heat exhaustion. The Supreme Court in disagreeing with the Court of Civil Appeals on this no evidence point, made the above-quoted statement. We do not believe that the cited case is authority for appellant's position.

The evidence is clear that plaintiff suffered partial incapacity following his injury, and that this injury was permanent, resulting in a loss of wage earning capacity. It is the purpose of the Workmen's Compensation Act to compensate for the loss of earning capacity. Employers Reinsurance Corporation v. Holland, 162 Tex. 394, 347 S.W.2d 605 (1961). A workman who is incapacitated, is not to be deprived of compensation by reason of the fact that sometime subsequent to the time that he was injured and while he is physically incapacitated, he resumes work. Aetna Casualty & Surety Company v. Depoister, 393 S.W.2d 822 (Tex.Civ.App.—Corpus Christi 1965, n. r. e.); Consolidated Casualty Insurance Co. v. Baker, 297 S.W.2d 706 (Tex.Civ.App.—Waco 1956, n. r. e.); Travelers Insurance Company v. Smith, 435 S.W.2d 248 (Tex.Civ.App.—Texarkana 1968, err. dismd.). Just because a workman worked and earned the same or more money after sustaining an injury is not conclusive on his incapacity

to perform labor which would warrant the payment of compensation. It is only evidentiary to be considered along with other evidence. 63 Tex.Jur.2d § 140, pp. 18–23.

The Workmen's Compensation Act provides that compensation is not to be paid for an injury that does not incapacitate the employee for a period of at least one week from earning full wages. Here Gomez suffered a permanent partial incapacity from earning full wages lasting for a period far in excess of the amount prescribed by law. It would be against public policy to require an injured workman to lay off work for a one week period for the sole reason of complying with this statute. We hold that the plaintiff suffered an incapacity for a period exceeding the eight-day requirement of the statute. (Article 8306, Section 6, V.A.C.S.).

Judgment of the trial court is affirmed.